BARBARA E. FIGARI (SBN 251942)
**THE FIGARI LAW FIRM**
380 South Lake Avenue, Suite 104
Pasadena, CA 91101
Telephone: (626) 486-2620
Facsimile: (877) 459-3540
Email: barbara@figarilaw.com

Attorneys for Plaintiff JESSICA OGLESBY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA OGLESBY,<br><br>        Plaintiff,<br><br>    v.<br><br>MASSAGE ENVY FRANCHISING, a Limited Liability Corporation, MESCIE MENIFEE, INC., MESCIE REGION, INC., MESCIE CLINICS, INC., RODOLFO VALENCIA, an Individual, and DOES 1 through 50, inclusive,<br><br><br>        Defendants. | CASE NO.<br><br>**PLAINTIFF JESSICA OGLESBY'S COMPLAINT FOR DAMAGES**<br><br>(1) GENDER VIOLENCE IN VIOLATION OF 42 U.S.C. § 13981;<br>(2) GENDER VIOLENCE IN VIOLATION OF THE RALPH ACT;<br>(3) NEGLIGENT RETENTION;<br>(4) ASSAULT;<br>(5) BATTERY;<br>(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>(7) SEXUAL HARASSMENT IN VIOLATION OF FEHA;<br>(8) FAILURE TO PREVENT HARASSMENT AND RETALIATION IN VIOLATION OF FEHA;<br>(9) RETALIATION IN VIOLATION OF FEHA; and<br>(10) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.<br>**JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

## INTRODUCTION

1.      This is an action for damages as to: (1) Gender Violence in violation of 42 U.S.C. § 13981; (2) Gender Violence in violation of The Ralph Act; (3) Negligent Retention; (4) Assault; (5) Battery; (6) Intentional Infliction of Emotional Distress; and (7) Negligent Infliction of Emotional Distress.

2.      This action arises out of events involving Plaintiff JESSICA OGLESBY and Defendant MASSAGE ENVY FRANCHISING, an Arizona Limited Liability Company doing business in California, MESCIE MENIFEE, INC., MESCIE REGION, INC., MESCIE CLINICS, INC., and RODOLFO VALENCIA, an individual, and DOES 1 -50 (collectively "Defendants").

## THE PARTIES AND JURISDICTION

3.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331, as Plaintiff has brought a claim pursuant to 42 U.S.C. 13981, which involves a Federal question.  Venue is proper in this District because the events giving rise to the claims alleged all took place within this District.

4.      Plaintiff JESSICA OGLESBY (hereinafter "PLAINTIFF" or "OGELSBY"), a California resident, was employed by Defendant MASSAGE ENVY FRANCHISING, LLC at its location in Menifee, California.

5.      At all relevant times mentioned herein, MASSAGE ENVY FRANCHISING was a limited liability company duly organized and existing under the laws of the State of Arizona and doing business in California. MASSAGE ENVY operates a nationwide chain of spas offering massage therapy, and currently owns and operates over 900 locations throughout the United States.

6.      Accordingly, jurisdiction is further appropriate in this Court pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists in this case.

7.      Defendant MESCIE MENIFEE, INC. is a California Corporation which operates numerous Massage Envy spa locations throughout the Inland

2

Empire region of California, including locations in the counties of San Bernardino and Riverside.

8.      Defendant MESCIE REGION, INC. is a Corporation of unknown jurisdiction which oversees the operations of Massage Envy spas in various locations throughout the Inland Empire region.

9.      Defendant MESCIE CLINICS, INC. is a California Corporation which operates numerous Massage Envy spa locations throughout the Inland Empire region of California, including locations in the counties of San Bernardino and Riverside.

10.     Defendants MASSAGE ENVY FRANCHISING, LLC, MESCIE MENIFEE, INC., MESCIE REGION, INC., and MESCIE CLINICS, INC. will hereinafter be collectively referred to as "MASSAGE ENVY" and/or "DEFEENDANTS" and/or "CORPORATE DEFENDANTS."

11.     Defendant RODOLFO VALENCIA (hereinafter referred to as "VALENCIA") was at all relevant times mentioned herein an employee of MASSAGE ENVY and PLAINTIFF's supervisor and a resident of the State of California.

12.     PLAINTIFF is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50 therefore sues them by such fictitious names.  PLAINTIFF is informed and believes and thereon alleges that said defendants are in some manner legally responsible for the activities and damages alleged herein.  PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained.

13.     PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned each of the DEFENDANTS, including VALENCIA, were acting as the partner, agent, servant, and employee of each of the remaining DEFENDANTS, and in doing the things alleged herein was acting within the

course and scope of such agency and/or employment and with the knowledge of the remaining DEFENDANTS.

## GENERAL ALLEGATIONS

14.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

15.     OGLESBY and VALENCIA are both employed by MASSAGE ENVY.  OGLESBY began her employment as a receptionist, but earned her massage therapist's license and was promoted to the position of massage therapist.  VALENCIA has always worked as a massage therapist.

16.     Per the policy of MASSAGE ENVY, massage therapists at each location were asked to complete a certain number of hours providing massages to other employees, so as to continue the education in their field.  Massage therapists receiving massages designed to further continuing education received them at a reduced fee.

17.     OGLESBY is informed and believes and thereon alleges that MASSAGE ENVY had previously received complaints against VALENCIA from other customers, but chose to retain him as an employee after being made aware of his unfitness.

18.     On November 12, 2013, OGLESBY scheduled a massage at the MASSAGE ENVY location she worked at in Menifee, California.  While the massage was taking place, VALENCIA kept sliding the sheet that covered OGLESBY'S body lower towards her buttocks.  VALENCIA would ask OGLESBY if she felt comfortable while he was moving the sheet down.  OGLESBY responded "uncomfortable is not even close to the way I feel right now," thus informing VALENCIA that she was deeply disturbed by his actions.  VALENCIA then said "what if I do this," and pulled the sheet down lower.

19.     OGLESBY told VALENCIA she felt extremely uncomfortable, and in response, VALENCIA laughed and moved the sheet down further until he

1   completely uncovered OGLESBY'S body, exposing her buttocks.  VALENCIA
2   then began to run his hands all over OGLESBY'S buttocks.  OGLESBY then told
3   him "what are you doing?!" and "you're married."

4          20.    VALENCIA then grabbed around OGLESBY'S thigh and kept
5   moving his hands further up her leg towards OGLESBY'S vagina.  VALENCIA
6   then placed one of his hands on OGLESBY'S vagina, in between the labia and
7   outer lips.  OGLESBY was in shock and did not know what to say or do.
8   VALENCIA then said "how do you feel about that." VALENCIA again placed his
9   hands on OGLESBY'S uncovered vagina and said "you're pretty moist in there."
10  VALENCIA then asked if OGLESBY wanted him to go higher, inside her vagina.
11  OGLESBY yelled "NO!"  The "massage" ended, and OGLESBY exited without
12  paying.

13         21.    On November 13, 2013, OGLESBY went back to MASSAGE ENVY
14  to speak with the manager, and made a written complaint regarding VALENCIA'S
15  conduct.  OGLESBY has not been told the result of any investigation into her
16  complaint, and is informed and believes and thereon alleges that MASSAGE
17  ENVY has not conducted any such investigation.

18         22.    OGLESBY made a report of VALENCIA'S actions to the Riverside
19  County Sheriff's Office on November 13, 2013.

20         23.    Two deputies from the Riverside County Sheriff's Office interviewed
21  VALENCIA for one hour and nineteen minutes that same day.  Following this
22  interview, VALENCIA was arrested for sexual assault.  OGLESBY is informed
23  and believes and thereon alleges that criminal charges were filed against
24  VALENCIA.

25         24.    To date, OGLESBY has not returned to work for MASSAGE ENVY,
26  and has not been informed of any action taken whatsoever in response to her
27  written complaint made on November 13, 2013.

28

PLAINTIFF JESSICA OGLESBY'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION
## GENDER VIOLENCE IN VIOLATION OF 42 U.S.C. § 13981
## AGAINST ALL DEFENDANTS

25.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

26.    VALENCIA's sexual assault of Plaintiff constitutes a crime of violence motivated by Plaintiff's gender.

27.    Although VALENCIA was arrested and put in custody as a result of the interrogation by the Riverside County Sheriff's Department relating to the assault, a prior criminal action is not a prerequisite to a claim for gender violence in violation of 42 U.S.C. § 13981.

28.    Plaintiff is entitled to compensatory damages (both economic and non-economic), and punitive damages, all in an amount according to proof at the time of trial.  Plaintiff is further entitled to injunctive and declaratory relief as the Court deems appropriate.

29.    As a result of the gender violence directed at Plaintiff, Plaintiff had to retain attorneys to prosecute this action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

# SECOND CAUSE OF ACTION
## GENDER VIOLENCE IN VIOLATION OF THE RALPH ACT
## AGAINST ALL DEFENDANTS

30.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

31.    Plaintiff is informed and believes and thereon alleges that Defendants, by and through their principals, agents and employees, conducted themselves unlawfully in violation of public policy and applicable law including The Ralph Act, California Civil Code section 51.7, as described above with conscious

disregard of the result or outcome of such conduct. In addition, the above conduct violates The Bane Act, California Civil Code section 52.1.

32.     Defendants intentionally exercised physical force against Plaintiff because of her gender. Defendants' acts would constitute a criminal offense under state law which has an element the use, attempted use, or threatened use of physical force against Plaintiff. Defendants' physical invasion of Plaintiff was of a sexual nature under coercive conditions.

33.     As a direct and proximate result of Defendants' willful, knowing and intentional acts, and Defendants' failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish. Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

34.     Plaintiff is also entitled to civil penalties pursuant to the remedies available under The Ralph Act. The Bane Act affords a successful litigant the right to treble damages. Plaintiff seeks all available remedies pursuant to The Ralph Act and The Bane Act and requests the Court to award these as appropriate.

35.     The acts of Defendants, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages against Defendants, and each of them, in addition to attorney's fees and costs.

### THIRD CAUSE OF ACTION
### NEGLIGENT RETENTION OF AN UNFIT EMPLOYEE
### AGAINST ALL CORPORATE DEFENDANTS AND DOES 1 - 50

36.     Plaintiff incorporates by reference the factual allegations of the preceding paragraphs.

37.     Plaintiff is informed and believes and thereon alleges that Defendants, by and through their principals, agents and employees, conducted themselves

7

unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such conduct.

38.     Defendants negligently and carelessly retained their employees including, but not limited to, VALENCIA.  Defendants breached their duty to exercise reasonable care and acted negligently and carelessly in the retention of VALENCIA by failing to monitor the conduct of VALENCIA, and by failing to adequately reprimand and limit the harassing behavior of VALENCIA.

39.     As a direct and proximate result of Defendants' willful, knowing and intentional acts, and Defendants' failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish.  Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## ASSAULT
## AGAINST ALL DEFENDANTS

40.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

41.     Plaintiff is informed and believes and thereon alleges that Defendants, by and through their principals, agents and employees, conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such conduct.

42.     Defendants committed an act with the intent to cause apprehension of immediate injury, and Plaintiff had a reasonable apprehension of an immediate touching.  At all relevant times, Defendants had actual or constructive knowledge of the conduct described herein, and condoned, ratified and participated in such acts.  Defendants' conduct was committed during the course of and scope of employment.

43.     As a direct and proximate result of Defendants' willful, knowing and intentional acts, and Defendants' failure to act, Plaintiff has suffered and will

continue to suffer mental distress and anguish.  Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

44.     The acts of Defendants, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against Defendants, and each of them, in addition to attorney's fees and costs.

## FIFTH CAUSE OF ACTION
## BATTERY
## AGAINST ALL DEFENDANTS

45.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

46.     Plaintiff is informed and believes and thereon alleges that Defendants, by and through their principals, agents and employees conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such conduct.

47.     Defendants touched Plaintiff's person with the intent to harm or offend Plaintiff.  Plaintiff did not consent to be touched.  Plaintiff was harmed or offended by Defendants' conduct.  At all relevant times, Defendants had actual or constructive knowledge of the conduct described herein, and condoned, ratified and participated in such acts.  Defendants' conduct was committed during the course of and scope of employment.

48.     As a direct and proximate result of Defendants' willful, knowing and intentional acts, and Defendants' failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish.  Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

49.     The acts of Defendants, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against Defendants, and each of them, in addition to attorney's fees and costs.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

50.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

51.     Defendants, by and through their principals, agents and employees, conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act. Subjecting Plaintiff to the conduct described above throughout her employment was extreme and outrageous conduct by the Defendants, and each of them.

52.     Through the outrageous conduct described above, Defendants acted with the intent to cause, and with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

53.     At all relevant times, Defendants had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

54.     As a direct and proximate result of Defendants' willful, knowing and intentional acts, and Defendants' failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish.  Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

55.     The acts of Defendants, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with

PLAINTIFF JESSICA OGLESBY'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against Defendants, and each of them.

**SEVENTH CAUSE OF ACTION**

**SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**

**VIOLATION OF CAL. GOV. CODE §§ 12940 *et seq*.**

**AGAINST ALL DEFENDANTS**

56.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

57.     The above conduct by VALENCIA was unwelcome, directed towards Plaintiff, and was part of an ongoing and continuing pattern of conduct.

58.     The above conduct caused Plaintiff to perceive her work environment as intimidating, hostile, abusive or offensive, and a reasonable woman in Plaintiff's position would perceive the work environment as intimidating, hostile, abusive or offensive.

59.     Complaints and/or information regarding much of the harassing conduct were made to Defendants.  After Defendants received information regarding the harassment, the harassment continued.

60.     The above harassing conduct violates California's FEHA, Cal. Gov. Code §§ 12940 *et seq*. and California public policy and entitles Plaintiff to all categories of damages, including but not limited to economic, non-economic and exemplary or punitive damages.

61.     As a result of the harassing and discriminatory conduct, Plaintiff had to retain attorneys to prosecute this action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

///

PLAINTIFF JESSICA OGLESBY'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PREVENT HARASSMENT**

**VIOLATION OF CAL. GOV. CODE §§ 12940 *et seq.***

**AGAINST ALL CORPORATE DEFENDANTS AND DOES 1 – 50**

62.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

63.     In violation of the FEHA, Defendants failed to take all reasonable steps necessary to prevent sexual harassment against employees.

64.     In perpetrating the above-described conduct, Defendants, and each of them, engaged in a pattern, practice, policy and custom of unlawful sex harassment.  Said conduct on the part of Defendants, and each of them, constituted a policy, practice, tradition, custom and usage which denied Plaintiff's protection of the civil rights statutes enumerated above.

65.     At all relevant time periods Defendants, and each of them, failed to make an adequate response and investigation into the conduct of VALENCIA and the aforesaid pattern and practice of Defendants, and thereby established a policy, custom, practice or usage within the organization of Defendants, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in unlawful sex harassment towards employees of Defendants, including, but not limited to, Plaintiff.

66.     At all relevant time periods there existed within the organization of Defendants, and each of them, a pattern and practice of conduct by their personnel which resulted in sex harassment and/or retaliation, including but not necessarily limited to, conduct directed at Plaintiff.

67.     Defendants did not provide adequate sex harassment training with respect to its employees and managers.

68.     Defendants, and each of them, knew or reasonably should have known that the failure to provide any or adequate education, training, and information as

12

1   to their personnel policies and practices regarding sex harassment would result in
2   sex harassment.

3       69.     The failure of Defendants, and each of them, to provide any or
4   adequate education, training, and information to personnel concerning policies and
5   practices regarding sex harassment, and retaliation for complaining of or resisting
6   the same, constituted deliberate indifference to the rights of employees, including
7   but not limited to those of Plaintiff.

8       70.     The above harassing and discriminatory conduct violates California's
9   FEHA, Cal. Gov. Code §§ 12940 *et seq.*, and California Public Policy and entitles
10  Plaintiff to all categories of damages, including exemplary or punitive damages.

11      71.     As a result of the harassing and discriminatory conduct, Plaintiff had
12  to retain attorneys to prosecute this action.  Plaintiff is therefore entitled to
13  reasonable attorney's fees and litigation expenses, including expert witness fees
14  and costs, incurred in bringing the within action.

15                          **NINTH CAUSE OF ACTION**
16                              **RETALIATION**
17          **VIOLATION OF CAL. GOV. CODE §§ 12940 *et seq.***
18      **AGAINST ALL CORPORATE DEFENDANTS AND DOES 1 - 50**

19      72.     Plaintiff incorporates by reference the factual allegations set forth in
20  the preceding paragraphs.

21      73.     In violation of California Government Code § 12940, Defendants
22  retaliated against Plaintiff for having opposed, resisted, and complained of the acts
23  alleged herein.

24      74.     Within a short time after Plaintiff complained regarding harassment
25  by VALENCIA, Defendant retaliated against Plaintiff by disclosing to other
26  employees that she had lodged a complaint, allowing employees to mistreat her,
27  refusing to take remedial action, and constructively terminating Plaintiff's
28  employment.

PLAINTIFF JESSICA OGLESBY'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

75.     The above retaliatory, harassing, and discriminatory conduct violates California's FEHA, Cal. Gov. Code §§ 12940 *et seq.*, and California Public Policy and entitles Plaintiff to all categories of damages, including exemplary or punitive damages.

76.     As a result of the harassing and discriminatory conduct, Plaintiff had to retain attorneys to prosecute this action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

## TENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## AGAINST ALL CORPORATE DEFENDANTS AND DOES 1 – 50

77.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

78.     Under California law, no employee, whether an at-will employee or employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.  In recent years, the California courts have interpreted a fundamental public policy to be any articulable constitutional or statutory provision, or regulation that is concerned with a manner affecting society at large rather than a purely personal or proprietary interest of the employee or employer.  Moreover, said public policy is fundamental, substantial, and well established at the time of Plaintiff's discharge.

79.     A claim for sexual harassment and retaliation pursuant to FEHA may each support a claim for wrongful termination in violation of public policy. *City of Moorpark v. Sup. Ct.* (1998) 18 Cal.4th 1143, 1161.

80.     The termination of Plaintiff's employment was motivated by Plaintiff's engaging in protected activity under FEHA, and Plaintiff's termination was carried out in violation of the public policies described above.

14

PLAINTIFF JESSICA OGLESBY'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief as follows:

1.      For general damages according to proof, however, no less than the jurisdictional limit of this court;

2.      For special damages in amounts according to proof;

3.      For exemplary and punitive damages in amounts according to proof;

4.      For declaratory and injunctive relief as allowable by law, and including, but not limited, to an injunction prohibiting Defendants from continuing to permit individuals who have had complaints made against them by customers and/or employees to perform massages until a full investigation is conducted and the matter is resolved as either unsubstantiated, or substantiated and the employee is not permitted to perform massages for Defendants at any location thereafter;

5.      For civil penalties for violation of The Ralph Act and treble damages pursuant to The Bane Act;

6.      For reasonable attorneys' fees and costs of suit incurred herein that Plaintiff is entitled to recover under California Code of Civil Procedure section 1021.5, FEHA, The Ralph Act, The Bane Act, all State and Federal laws cited herein, and any other authority permitting the same;

7.      For interest as provided by law;

8.      For costs of suit incurred herein, including expert witness fees; and

9.      For such other and further relief as the Court may deem equitable and appropriate.

DATED:  August 7, 2015

Respectfully submitted,
**THE FIGARI LAW FIRM**

_____

By: Barbara E. Figari, Esq.
Attorneys for Plaintiff JESSICA OGLESBY

15

**DEMAND FOR JURY TRIAL**

Plaintiff JESSICA OGLESBY herewith demands a jury trial in this action.

DATED: August 7, 2015

Respectfully submitted,
**THE FIGARI LAW FIRM**

_____
By: Barbara E. Figari, Esq.
Attorneys for Plaintiff JESSICA OGLESBY

PLAINTIFF JESSICA OGLESBY'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL